UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

DECISION AND ORDER

06-CR-6025L

v.

MAURICE CAMPBELL,

Defendant.

Defendant, Maurice Campbell, is charged in a three-count indictment with certain drug and firearms offenses. On March 3, 2006, I referred all pretrial motions in this case to Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636.

On September 18, 2006, Magistrate Judge Payson issued a Report and Recommendation ("R & R") recommending that defendant's motions to suppress physical evidence be denied. Defendant has filed objections to the R & R. For the reasons that follow, defendant's objections are denied, the R & R is adopted, and the motion to suppress is denied.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), any party may serve and file written objections to a magistrate judge's R & R. After such filing,

> [a] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A

> judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1).

The relevant facts are set forth in Magistrate Judge Payson's R & R, familiarity with which is assumed. In brief, at around 2:00 a.m. on December 24, 2005, Sergeant Dean Ussia of the Rochester Police Department received a call concerning a burglary in progress at 452 Garson Avenue in Rochester, which was known by Ussia to be a high-crime area. Ussia arrived in the area a few minutes later in his police car, and observed Campbell walking down the sidewalk. Ussia, who knew Campbell, had been involved in an arrest of Campbell the month before for evidence tampering, and had been told by other officers that Campbell was involved in various criminal activity, called out to Campbell to stop, but Campbell instead began running away. Ussia pursued him, first in his vehicle and then on foot.

As Campbell was running, Ussia saw him attempt to remove something from his coat pocket. Eventually Campbell did partially remove the object, which was shiny. Ussia testified at the suppression hearing that he could see the object "fairly well" and was "fairly convinced" that it was a gun. Dkt. #23 at 16.

Campbell then ran onto the porch of a two-family house at 500 Garson Avenue. He went through a doorway on the right side of the porch, where there was a small foyer and a stairway leading to the upstairs residence. Ussia and another officer who had arrived on the scene in response to Ussia's radio call prevented Campbell from closing the door. The officers forced open the door and grabbed Campbell. As they did so, Ussia heard something fall to the floor with a "thud." *Id.* at 20. After the officers had handcuffed Campbell and taken him outside, Ussia went back into the

foyer, where he found a chrome-plated handgun on the floor. Another officer searched Campbell, and found nineteen bags of crack cocaine in his pants pocket. *Id.* at 30.

In his objections to the R & R, defendant concedes that "Campbell's alleged flight would provide reasonable suspicion justifying a *Terry* stop." Dkt. #30 at 4. Considering Campbell's presence in a high-crime area, Ussia's receipt of a report that a burglary had been in progress just a few minutes earlier, and Ussia's familiarity with Campbell and Campbell's involvement in criminal activity, that is correct. *See Terry v. Ohio*, 392 U.S. 1, 20 (1968); *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("unprovoked flight upon noticing the police" is suggestive of wrongdoing); *accord United States v. Muhammad*, 463 F.3d 115, ___, 2006 WL 2573441, at *4 (2d Cir. 2006); *United States v. Lawshea*, 461 F.3d 857, 859-60 (7th Cir. 2006); *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003); *United States v. Adams*, 137 F.Supp.2d 240, 247 (W.D.N.Y. 2000).

Defendant, however, objects to that portion of the R & R finding that the officers' entry into 500 Garson Avenue to apprehend Campbell was justified under the "hot pursuit" doctrine. Defendant contends that Ussia had no more than a reasonable suspicion, based on Campbell's flight, that Campbell was involved in criminal activity, and that this was insufficient to justify a warrantless entry into the residence and the ensuing seizure of Campbell and the handgun.

I disagree. In addition to Campbell's unprovoked flight–"the consummate act of evasion," *Wardlow*, 528 U.S. at 124–Ussia had seen Campbell "desperately trying," as he ran, to remove a shiny metallic object from his pocket, which Ussia believed to be a gun. Dkt. #23 at 16. Although defendant contends that Ussia's credibility is in doubt, I see no basis to reject the Magistrate Judge's findings in this regard. Defendant asserts only that Ussia's testimony concerning certain aspects of his radio call are not corroborated by the recording of the call. There is no reason to question the

veracity of his testimony concerning the object that he saw Campbell pull out of his pocket. Aside from Ussia's testimony that the object was shiny and metallic-looking, it would certainly have been reasonable for Ussia to conclude that the object that Campbell was trying so hard to remove from his pocket as he was attempting to flee was some sort of contraband, and quite likely a pistol. Had it not been contraband, presumably Campbell would not have been particularly concerned about getting it out of his pocket at that moment.

Under those circumstances, it was entirely reasonably for Ussia to follow Campbell into the foyer to apprehend him and then to reenter to retrieve the object that Ussia had heard fall to the floor with a "thud." *See Brigham City, Utah v. Stuart*, ___ U.S. ___, 126 S.Ct. 1943, 1947 (2006) ("officers may make a warrantless entry onto private property ... to prevent the imminent destruction of evidence ... or to engage in 'hot pursuit' of a fleeing suspect"); *Ostroski v. Town of Southold*, 443 F.Supp.2d 325, 344-45 (E.D.N.Y. 2006) (officers' decision to find and secure weapons inside residence was reasonable to prevent harm to the occupants that might have ensued once the officers departed); *United States v. Guadalupe*, 363 F.Supp.2d 79, 82 (D.Conn. 2004) (warrantless entry into apartment to seize gun was justified by exigent circumstances, where officers had been engaged in struggle with defendant and observed him throw gun into apartment in which his companion had just taken refuge; under the circumstances, "the unsecured gun clearly presented an imminent threat to the Officers and other occupants of the building").

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. # 29) filed September 18, 2006.

Defendant's motion to suppress tangible evidence (Dkt. #15) is in all in respects denied.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 31, 2006.