UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                           DECISION AND ORDER

                                                           06-CR-6025L

                        v.

MAURICE CAMPBELL,

                              Defendant.
_____

On his plea of guilty, defendant Maurice Campbell ("Campbell") was sentenced on March 7, 2007, to an aggregate sentence of 93 months imprisonment, 33 months on Count 1 and 60 months consecutive on Count 2. Defendant appealed the judgment.

There are two matters now pending before the Court. The first relates to a decision of the United States Court of Appeals for the Second Circuit, on May 15, 2008, remanding the case to the district court for a *Crosby*-like[1] remand as directed in *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008).

In this case, as in *Regalado*, the Circuit remanded to the district court to determine whether it would have imposed a different sentence had it been aware of its discretion to deviate from the

---

[1] *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).

crack cocaine Guideline ranges by virtue of the disparity between crack and powder cocaine, a discretion first explicitly recognized by the United States Supreme Court in *Kimbrough v. United States,* 128 S. Ct. 558 (2007).

The second matter before the Court is defendant's motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) based on the November 1, 2007 Amendments to the Crack Cocaine Guidelines.

## DISCUSSION

AMENDMENTS TO CRACK GUIDELINES:

This issue has been resolved, to some extent, by stipulation of the parties. Both defendant and the Government agree that Campbell should get the benefit of the Amendments of Crack Guidelines and, therefore, his now sentencing range should be 87 to 93 months rather than the original range of 93 to 101 months. It is up to the Court to decide, however, at what point within the new range sentence should be imposed.

REMAND:

In response to this Court's letter/order of May 28, 2008, defendant submitted a letter brief dated June 19, 2008, requesting that the Court impose a non-Guideline sentence based on the disparity between crack and power cocaine. The Government did not respond.

I have reviewed the transcript of the original sentencing in this case, defendant's original statement with respect to sentencing factors, which was filed prior to the initial sentence, all submissions made in this case, as well as the Second Circuit decision remanding this case and the Second Circuit's decision in *Regalado*.

In light of these matters, and guided by the United States Supreme Court decision in *Kimbrough*, I believe that I may well have imposed a non-Guideline sentence had I been aware of the rational of *Kimnbrough* at the time of my original sentence. I make this finding, even though at the original sentence I did state that I believe that a Guideline sentence was appropriate after considering all the factors of 18 U.S.C. § 3553(a). I cannot now say with confidence that had I been aware of the *Kimbrough* decision that I would not have imposed a lesser, that is, non-Guideline sentence due to the disparity between crack cocaine and power cocaine. Therefore, I believe a re-sentencing is appropriate to afford both defendant and the Government an opportunity to be heard on this issue. The Court will also deal with the parties' stipulation that Campbell will have the benefit of the new Crack Cocaine Guidelines.

## CONCLUSION

The Judgment and Commitment entered March 13, 2007, is in all respects vacated and defendant, Maurice Campbell, will be produced for re-sentencing. The Government is directed to take immediate steps, with the assistance of the United States Marshal's Service, to produce Maurice Campbell in the Western District of New York for re-sentencing.

Re-sentencing is scheduled for August 22, 2008 at 11:30 a.m. Defendant must file any additional sentencing material on or before August 12, 2008 and, if the Government intends to respond, its filings must be made on or before August 19, 2008.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 23, 2008.